IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| COLLIN GARRETT HAYDEN, | § § § | |
| Movant, | § § | |
| v. | § § | CIVIL ACTION NO. 5:23-CV-4-RWS-JBB |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**ORDER**

Movant Collin Hayden, proceeding *pro se*, filed the above-captioned motion to vacate or correct sentence under 28 U.S.C. § 2255, challenging the legality of his sentencing and conviction for obstruction of justice. Docket No. 1. In accordance with 28 U.S.C. § 636, the case was referred to the United States Magistrate Judge, who issued a report and recommendation recommending denial of the motion. Docket No. 16. Subsequently, Movant filed objections to the Report and Recommendation. Docket No. 17.

**BACKGROUND**

**I.    Conviction and the Present Motion**

Movant and an individual named Timothy Harper rented an apartment in Dallas, Texas, from James McLemore, who was targeted in the investigation of a drug conspiracy. *United States v. Hayden*, No. 20-40585, 2022 WL 73049, at *1 (5th Cir. Jan. 7, 2022). Special agents contacted Movant and Harper at the apartment three times, and on one occasion, in February of 2017, Movant offered to sell drugs to a confidential informant. *Id.* Agents later raided the apartment and arrested Harper, but Movant had already fled to Miami, Florida. *Id.* In the beginning of April 2017, special agent Kelly tried to locate Movant at his father's house in Atlanta, Texas. *Id.* Movant was not there, but Kelly obtained his number and called him. *Id.* Kelly told Movant that his case was pre-

indictment and offered him the chance to become a confidential informant, but Movant refused to cooperate. *Id.*

After this phone call, Movant made four posts on Facebook on April 5, 6, 8, and 9, attempting to locate Harper, whom he believed had been informing on him. *Id.* He offered friends $2,000 for Harper's location and directly threatened Harper in an April 9, 2017 post. *Id.*

Movant was indicted in the Eastern District of Texas on charges of drug conspiracy, using a firearm in a drug trafficking crime, and obstruction of justice. *Id.* McLemore and Harper testified against Movant at trial. *Id.* at *2. McLemore testified that he had regularly sold drugs to Movant, and Harper testified that he and Movant had trafficked drugs between Dallas and Shreveport, Louisiana by driving along Interstate 20. *Id.* By traveling along Interstate 20, Movant would have passed through the Eastern District of Texas. *Id.*

Movant did not challenge venue until after the Government rested, at which time he filed a Federal Rule of Criminal Procedure 29 motion that did not raise a constitutional defense. *Id.* The motion was denied. *Id.* The jury ultimately acquitted Movant on the drug conspiracy and firearms counts, but convicted him of obstruction of justice. *Id.*

On direct appeal, Movant challenged the denial of his Rule 29 motion regarding venue and argued for the first time on appeal that the trial court had violated his constitutional rights due to improper venue. *Id.* He also complained of the denial of a two-point reduction for acceptance of responsibility. *Id.* The Fifth Circuit determined that Movant failed to show plain error with regard to his constitutional claim concerning venue and also found that Movant failed to show entitlement to the two-level reduction for acceptance of responsibility. *Id.* at *4. Consequently, the Fifth Circuit affirmed Movant's conviction on direct appeal. *Id.*

In his § 2255 motion to vacate or correct sentence, Movant argued that he received

ineffective assistance of counsel at trial and on appeal. Docket No. 1 at 15–16. He maintained that trial counsel failed to familiarize himself with the facts of the case. *Id.* In particular, he contends that counsel did not adequately consider that Kelly had called him at the end of April—after he had made the Facebook posts in which he sought to locate Harper. *Id.* at 20. According to Movant, if Kelly had called him at the end of April, then Movant could not have obstructed an official proceeding through the Facebook posts that were made in the first week of April because he was not aware of any proceeding. *Id.*; Docket No. 8 at 1. Movant also claimed that counsel failed to discover that Harper had initiated conversations with him after those posts, showing that Harper had not been intimidated by any alleged threats. Docket No. 1 at 21. Further, Movant contends that counsel failed to challenge the attribution of 1.5 kilograms of methamphetamine to him at sentencing when the jury acquitted him of the drug conspiracy and trafficking charges. *Id.* at 23.

With regard to appellate counsel, Movant complained that counsel failed to raise the issue of venue as a constitutional claim, causing him to suffer prejudice because he had a constitutional right to be tried where the offense took place. *Id.* at 19–20. Respondent answered Movant's motion, and Movant filed two replies to Respondent's answer. Docket Nos. 6, 8, 11.

## II. Report and Recommendation of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a report and recommendation, recommending that the motion to vacate or correct sentence be denied. Docket No. 16 at 20. The Magistrate Judge determined that: (1) appellate counsel did raise a constitutional challenge to venue on appeal, *id.* at 10–11; (2) there was no evidence that Kelly's phone call to Movant was placed after the Facebook posts, and thus no basis to conclude that an investigation would have discovered any such thing, *id.* at 11–12; (3) Movant failed to show that a constitutional challenge to venue at trial would have likely succeeded, *id.* at 16; (4) trial counsel did object to the use of the drug quantity at sentencing, *id.* at 16–17; (5) the use of acquitted conduct at sentencing is not

unconstitutional and did not run afoul of the April 2024 amendments to the U.S. Sentencing Guidelines, *id.* at 17–18; and (6) trial counsel's failure to investigate Harper's alleged lack of fear did not show ineffective assistance because the relevant inquiry is whether the threats had a reasonable tendency to intimidate rather than whether they were effective in doing so, *id.* at 19.

## ANALYSIS

In his objections, Movant argues that his sentence was unjustly enhanced based on conduct related to acquitted drug charges. Docket No. 17 at 1–2. He argues that an individual named Daniel Montes-Munoz delivered over a kilogram of methamphetamine to Harper, which the police subsequently recovered in a raid of the apartment. *Id.* at 2. Movant states that he was not in the same city, much less the same apartment, when the delivery was made. *Id.* According to Movant, the quantity of methamphetamine recovered in that raid was used to enhance his sentence by almost 100 months even though he never came in contact with it. *Id.* at 4. He argues that such an enhancement is barred by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). Docket No. 17 at 3–4. As the Magistrate Judge noted, Movant raised this argument for the first time in his supplemental reply to the Government's answer, and therefore it is not properly before the Court. Docket No. 16 at 17 (citing *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998)).

In any event, Movant is wrong on the merits. As an initial matter, "Movant's argument that his guideline range was based on acquitted conduct is not fully accurate." *Hayden v. United States*, No. 5:17-CR-09, 2025 WL 2054856, at *5 (E.D. Tex. June 9, 2025), *report and recommendation adopted*, No. 5:23-CV-33-RWS-JBB, 2025 WL 2053016 (E.D. Tex. July 22, 2025). Movant's sentence was determined based on U.S. Sentencing Guidelines §§ 2J1.2 and 2X3.1 that provide that, where an obstruction charge under 18 U.S.C. § 1512 is predicated on obstruction of

prosecution of a criminal drug offense, the offense level of such obstruction charge is set relative to the offense level of the underlying drug offense. *See Hayden*, 2025 WL 2054856, at *4. The quantity of drugs involved in the underlying drug crime impacts the offense level of that crime, and, accordingly, the offense level of Movant's obstruction charge was set in relation to that of the drug offense, the prosecution of which he was convicted of obstructing.

Regardless, even if Movant's sentence were based fully on acquitted conduct, the Supreme Court has explained that sentencing courts may consider conduct of which the defendant has been acquitted, so long as the conduct is proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156 (1997). As the Magistrate Judge explained, Application Note 10 to § 1B1.3(c) provides that in some situations, "[t]here may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct." That is the situation here, where the drugs formed the basis for both the (acquitted) conspiracy charge and the (convicted) obstruction charge. The fact that Movant was not physically present when the drugs were seized does not itself show that the drugs could not be considered relevant conduct. *See, e.g.*, *United States v. Patton*, 927 F.3d 1087, 1096 (10th Cir. 2019); *United States v. Parsons*, 664 F. App'x 187, 191–92 (3rd Cir. 2016). The Court here determined that the drugs in the apartment constituted relevant conduct to the offense of obstructing the investigation or prosecution into the offense of possessing those drugs, and Movant has failed to show that this determination was error.

Movant's arguments to the contrary, premised on *Apprendi* and *Alleyne*, are inapposite. *Apprendi* held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 476.

*Alleyne* held that any fact that increased a defendant's mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Neither of these circumstances applies to Movant's case. The Court determined Movant's sentence by considering its factual findings regarding the quantity of drugs involved in the proceedings that Movant was convicted of obstructing in light of the applicable advisory sentencing guidelines. *See United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009) (explaining that arguments "that the district court violated [a defendant's] Sixth Amendment right to trial by jury by basing [its] sentencing Guidelines ranges on facts not found by a jury beyond a reasonable doubt" have "no merit after the Supreme Court's decision in *Booker* [that] render[ed] the Guidelines advisory"). Moreover, at no point did the Court find facts that enhanced Movant's sentence above the statutory maximum of 20 years applicable to his obstruction of justice conviction. *See* 18 U.S.C. § 1512(a)(3)(C). Movant also cites *Erlinger v. United States*, 602 U.S. 821 (2024), which held, based on *Apprendi* and *Alleyne*, that a criminal defendant is entitled to have a unanimous jury determine whether prior offenses were committed on different occasions— so that the enhanced mandatory minimum and maximum sentences under the Armed Career Criminal Act would apply—or in a single criminal episode, such that those enhanced sentences would not apply. *Erlinger*, 602 U.S. at 835. As with *Apprendi* and *Alleyne*, the decision in *Erlinger* is not analogous to Movant's case because, here, the Court's findings of facts were made in light of the advisory sentencing guidelines, and no facts were found by the Court that increased Movant's mandatory minimum or maximum sentence. Movant's objections are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C.

§ 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Movant's motion (Docket No. 1) is **DENIED**. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED** *sua sponte* for the reasons outlined in the Report and Recommendation. *See* Docket No. 16 at 19–20.

**So ORDERED and SIGNED this 9th day of September, 2025.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE